# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| CARL B. ADAMS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-1972 |
| | § | |
| UNITED STATES POST OFFICE, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

Plaintiff Carl B. Adams, proceeding *pro se*, filed this Federal Tort Claims Act ("FTCA") lawsuit against the United States Postal Service ("USPO"), alleging that the USPO negligently failed to forward mail addressed to Religious Music Workshop, Inc. ("RMW"), which caused RMW's Articles of Incorporation to be cancelled by the Texas Secretary of State in violation of Plaintiff's constitutional rights under the Fifth Amendment to the United States Constitution. The case is before the Court on the USPO's Motion to Dismiss [Doc. # 9], in which the USPO argues that the Court lacks subject matter jurisdiction because Plaintiff's claims are excluded from the FTCA's waiver of sovereign immunity. In opposition to the Motion to Dismiss, Plaintiff filed a Motion to Strike [Doc. # 10], a Motion to Amend/Supplement Motion to Strike [Doc. # 11], a Motion to Supplement Motion to Strike [Doc. # 13], and a "Motion to

Amend/Supplement Motion to Supplement Motion to Strike Defendant's Motion to Dismiss" [Doc. # 14].  The USPO filed a reply [Doc. # 15], addressing the various motions filed by Plaintiff.

A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."  *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (citations omitted).  When the court's subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing it.  *See Castro v. United States*, 560 F.3d 381, 386 (5th Cir. 2009).  The Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff."  *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2007).

The FTCA provides a limited waiver of sovereign immunity by the United States and its federal agencies.  The FTCA's waiver of immunity must be strictly construed.  *McLaurin v. United States*, 392 F.3d 774, 782 n.34 (5th Cir. 2004).  Specifically excluded from the FTCA's waiver of immunity is a claim "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."  28 U.S.C. § 2680(b); *Dolan v. United States Postal Serv.*, 546 U.S. 481, 486-87 (2006); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998).  Additionally, the FTCA does not waive sovereign immunity for alleged constitutional violations.  *See FDIC v. Meyer*,

510 U.S. 471, 477-78 (1994); *McAfee v. Fifth Circuit Judges,* 884 F.2d 221, 223 (5th Cir. 1989). Because Plaintiff's claims are not within the FTCA's waiver of sovereign immunity, this Court lacks jurisdiction to consider those claims. It is, therefore,

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 9] is **GRANTED** and this case is **DISMISSED**. It is further

**ORDERED** that Plaintiff's Motion to Strike [Doc. # 10], Motion to Amend/Supplement Motion to Strike [Doc. # 11], Motion to Supplement Motion to Strike [Doc. # 13], and "Motion to Amend/Supplement Motion to Supplement Motion to Strike Defendant's Motion to Dismiss" [Doc. # 14] are **DENIED**.

The Court will issue a separate final order.

SIGNED at Houston, Texas, this **6th** day of **October, 2009.**

Nancy F. Atlas
United States District Judge